# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VAUGHAN,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; CALIPATRIA STATE PRISON; LELAND MCEWEN; KATRINA BALL, D.O.,<br><br>　　　　　　　Defendant. | CASE NO. 10cv1179 L (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

## I.
## INTRODUCTION

At issue in this prisoner civil rights case is whether Defendants violated Plaintiff's Eighth Amendment rights by allegedly failing to provide proper medical care following surgery on his left eye. Currently pending is Defendants' Motion to Dismiss, filed on October 15, 2010. (Doc. No. 6.)

This Report and Recommendation is submitted to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. After reviewing the pleadings, parties' briefs and exhibits in support thereof, for the reasons set forth below, the Court recommends that Defendants'

1  Motion to Dismiss be denied in part and granted in part.

## II.

## FACTUAL BACKGROUND

Plaintiff is an inmate at Calipatria State Prison, where he has been incarcerated since June 26, 2008. (Doc. No. 1, p. 4, para. 12.)  Upon arrival at Calipatria State Prison, Plaintiff was given a medical examination by prison medical staff, where he provided a detailed account of his medical history, which included the loss of sight in his *right eye* resulting from a serious accident that took place in 1991. (*Id*. at pp. 4-5.)

Shortly after the commencement of his incarceration, Plaintiff began to experience problems with his *left eye*.  Already half-blind, Plaintiff was concerned about the possibility of complete loss of vision.  On March 25, 2009, under the care of an ophthalmologist, Plaintiff underwent surgery to correct a beefy pterygium[1] of his left eye. (*Id.* at p. 5, para. 14.)  Consequently, specialized medications and treatment were required to care for Plaintiff's left eye following surgery. (*Id.*, para. 15.)  In the following months, Plaintiff complained on several occasions of pain and discomfort in his left eye to his ophthalmologist. (*Id.*, paras. 16-17.)  Despite these complaints, Plaintiff's ophthalmologist found nothing abnormal, and discharged Plaintiff in early May, 2009. (*Id.*)  Plaintiff continued to report feeling pain and discomfort to prison officials almost daily, and was refused the specialized treatment and medications that were prescribed to him months earlier, after his March 25, 2009 surgery. (*Id.* at pp. 5-6, para. 19.)  On June 2, 2009, prison medical staff recommended Plaintiff see an ophthalmologist. (Doc. No. 12, pp. 6-7.)  Plaintiff was also seen by prison medical staff on June 18, 20, and 25. (*Id.*)  Notably, prison medical staff identified Plaintiff's condition as a corneal ulcer, but made no attempt to administer medication or expedite his care. (*Id.*)  During this time, Plaintiff experienced severe pain, obscured vision, and oozy discharge that often caused others to look away. (*Id.*)

On July 3, 2009, Plaintiff was seen by Dr. Majid Mani, a private physician specializing in disease and surgery of the retina and vitreous, where he was diagnosed with a bacterial infection

---

[1] Pterygium: A triangular fleshy mass of thickened conjuctiva occurring usually at the inner side of the eyeball, covering part of the cornea, and causing a disturbance of vision. (Merriam-Webster's Medical Desk Dictionary, Revised ed., 2005).

1  resulting from an advanced corneal ulcer. (Doc. No. 1, p. 6, para. 20.)  Dr. Mani notified prison
2  officials of the seriousness of Plaintiff's condition, and further warned that (1) Plaintiff could lose
3  vision in his infected left eye within 48 hours and (2) Plaintiff required aggressive treatment to
4  alleviate his condition. (Doc. No. 12, p. 6.)  Despite being prescribed antibiotics by Dr. Mani,
5  Plaintiff did not receive such antibiotics for two weeks. (Doc. No. 1, p. 6, para. 20.)

6  Plaintiff's eye condition worsened, which caused him to seek further medical treatment by
7  a corneal specialist at the University of California, San Diego ("UCSD") in late July, 2009. (*Id.* at
8  para. 21.)  After being diagnosed with a severe corneal ulcer and infection, Plaintiff underwent an
9  additional surgery on August 6, 2009 at UCSD to correct the ulcer that arose from Defendants'
10 alleged failure to provide proper medical care following Plaintiff's March 25, 2009 surgery. (*Id.*)
11 Although the August 6, 2009 surgery was successful in correcting Plaintiff's corneal ulcer, Plaintiff
12 continues to experience discomfort in his left eye. (*Id*. at para. 22)

## III.

## ARGUMENTS

**A.    Defendant's Motion to Dismiss**

16  Defendants seek dismissal of Plaintiff's Complaint on the following grounds.  First,
17 Defendants assert the state of California, the California Department of Corrections and
18 Rehabilitation, and Calipatria State Prison are not "persons" under 42 U.S.C. § 1983, and therefore
19 cannot be sued. (Doc. No. 6, p. 1.)

20  Second, Defendants contend individuals McEwen ( warden at Calipatria State Prison), and
21 Ball (chief medical officer at Calipatria State Prison), are entitled to qualified immunity under the
22 Eleventh Amendment, and therefore cannot be sued in their official capacities under 42 U.S.C. §
23 1983. (*Id.*)

24  Third, Defendants argue Plaintiff failed to establish a claim under the Eighth Amendment
25 for deliberate indifference against Defendants McEwen and Ball because there is no *respondeat*
26 *superior* liability under 42 U.S.C. § 1983. (*Id.*)

27  Fourth, Defendants argue Plaintiff has failed to state a claim under the Eighth Amendment
28 for deliberate indifference against Defendants McEwen and Ball in their individual capacities

because no specific facts have been set forth that demonstrate their involvement in the alleged deprivation of Plaintiff's constitutional rights. (*Id.*)

Finally, Defendants allege Plaintiff has failed to state a claim for injunctive relief because he has failed to established a likelihood of success on the merits, and that he has no other available remedy except for injunctive relief. (*Id.*) Moreover, since a plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate individual suit for equitable relief involving the same subject matter of the class action, as Defendants observe, Plaintiff's prayer for injunctive relief is inconsistent with the ongoing *Plata v. Schwarzenegger* class action lawsuit, brought against the California Department of Corrections and Rehabilitation for Eighth Amendment violations, of which Plaintiff is a class member. (*Id.* at pp. 13-14.)

**B.     Plaintiff's Opposition**

Plaintiff opposes Defendants' Motion to Dismiss on the following grounds.  First, Plaintiff argues the following claims contained in the Complaint provide sufficient facts to give rise to a claim of deliberate indifference against individual Defendants McEwen and Ball in their individual capacities:

1.   "During the aforementioned month period, from early May to June 2009, Plaintiff continued to report and indicate pain and discomfort of his left eye almost daily; however, Plaintiff's needs for specialized treatment and care were ignored and/or refused by [D]efendants and their employees; Plaintiff was denied treatment and/or medications and/or sterilized equipment that were prescribed for him." (Doc. No. 1, pp. 5-6, para. 19.)

2.   "Finally, in early July 2009, after nearly two (2) months of Plaintiff requesting specialized medical treatment for his left eye, medical personnel at Calipatria State Prison finally referred Plaintiff to Majid Mani, M.D...Dr. Mani diagnosed Plaintiff as having an infection with bacteria getting introduced to the anterior chamber as a result of an advanced corneal ulcer in Plaintiff's left eye.  Dr. Mani prescribed antibiotics, which Plaintiff did not receive for nearly two (2) weeks." (*Id.* at para. 20.)

Second, Plaintiff observes courts freely allow parties leave to amend pursuant to Fed. R. Civ. P. 15(a).  Accordingly, Plaintiff requests leave to amend his Complaint to add any further information necessary to support his claim against Defendants McEwen and Ball in their individual capacities.  Since filing his Complaint on June 1, 2010, Plaintiff has obtained medical records that purportedly show Defendant Ball's direct interference with Plaintiff's medical care by failing to administer drugs prescribed by Plaintiff's ophthalmologist. (Doc. No. 12, p. 4.)  In his Opposition

1 to Defendants' Motion to Dismiss, Plaintiff alleges, in pertinent part:

> "The medical records indicate Calipatria State Prison ran out of the medications prescribed by the ophthalmologist, and [D]efendant Ball instructed the prison nurse to administer a medication which the ophthalmologist had discontinued due to its inefficacy. The ophthalmologist subsequently noted, without knowledge that the medication had been changed, that the medication was ineffective..." (*Id.* at p. 5.)

Plaintiff directs this Court's attention to *Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970), where the Ninth Circuit held that the refusal of authorized medicine needed to prevent serious harm to a prisoner's health gave rise to a claim under 42 U.S.C. § 1983.

Third, Plaintiff seeks leave to amend his Complaint to add a cause of action for medical malpractice against all named Defendants. (*Id.*)

Fourth, because Plaintiff is a member of the *Plata v. Schwarzenneger* class action, Plaintiff stipulates to striking his claim for injunctive relief against Defendants. (*Id.* at pp. 8-9.)

## IV.

## DISCUSSION

### A. Relevant Legal Standards

#### i. Fed. R. Civ. P. 12(b)(6) Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is sufficiently plausible when the facts pled "allow the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). If an adverse litigant believes that its opponent has failed to meet the mandates of Rule 8(a)(2), it may raise a motion to dismiss pursuant to Rule 12(b)(6).

A motion to dismiss tests the legal sufficiency of a claim (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)), and should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

1  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to
2  relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129
3  S.Ct. at 1949).

### ii.  Deliberate Indifference Under the Eighth Amendment

An inmate seeking to prove an Eighth Amendment violation "must objectively show that he was deprived of something 'sufficiently serious'", and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. *Foster v. Runnels*, 554 F.3d 807 (9th Cir. 2009), citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1970). The second step, showing deliberate indifference, involves a two-part inquiry. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). First, the inmate must show prison officials were aware of a substantial risk of serious harm to an inmate's health or safety. Second, the inmate must show prison officials had no reasonable justification for the deprivation. *Id.*

Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). However, the officials' conduct must constitute unnecessary and wanton infliction of pain before it violates the Eighth Amendment. *Id.* A finding of deliberate indifference requires something more than negligence, but is satisfied with something less than purposefully causing the harm alleged. *Linderman v. Vail*, 590 Fed.Appx 180, 182 (9th Cir. 2003) (quoting *Farmer*, 511 U.S. at 835). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they interfere with treatment once prescribed. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

### iii.  Fed. R. Civ. P. 15(a)

Federal Rule of Civil Procedure 15(a) provides a party may amend its complaint once as a matter of course before a responsive pleading is served, or at any time within twenty days of service if it requires no response. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

This Court notes on several occasions, "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to

amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1995) (quoting *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 765 (9th Cir. 1986)) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)) (citations omitted). Courts have commonly used four factors to determine the propriety of a motion for leave to amend. These factors are bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Loehr v. Ventura County Cmt. Coll. Dist*., 743 F.2d 1310, 1319 (9th Cir. 1984). A district court may deny leave to amend based on the presence of any of the four factors. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the district court does not err by denying leave to amend when the amendment would be futile or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 844 (9th Cir. 1991).

**B.     Analysis of Deliberate Indifference Claim**

This Court finds the facts set forth in Plaintiff's Complaint and Opposition to Defendants' Motion to Dismiss to be "plausibly suggestive" of a claim for deliberate indifference arising under the Eighth Amendment against Defendant Ball in her individual capacity. Plaintiff has alleged specific facts regarding Defendant Ball's decision to deny Plaintiff's medication prescribed by his ophthalmologist following his March 25, 2009 surgery. A "reasonable inference" can be made that such denial of prescribed medication was unnecessary and wanton. Hence, such claims satisfy the standard set forth in *Iqbal*, *supra*. Regarding Plaintiff's claims against Defendant McEwen, however, this Court observes that Plaintiff so far has failed to provide facts that suggest McEwen's involvement in any deprivation of Plaintiff's constitutional rights.

Furthermore, the Court recommends granting Plaintiff leave to amend his Complaint to incorporate pertinent facts set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss that support his claim of deliberate indifference, and also to assert a cause of action against Defendants McEwen and Ball for medical malpractice. Since Defendants have yet to file a responsive pleading, Plaintiff is entitled to amend his Complaint "once as a matter of course." *See* Fed. R. Civ. P 15(a)(1). Notwithstanding the applicability of Rule 15(a)(1), however, the Court notes Plaintiff has endured severe hardship resulting from his eye infection, and finds Plaintiff's request for leave to amend is made in good faith. Moreover, minimal prejudice would result to Defendants by the

Court's granting leave at such an early stage in the proceeding. Thus, in determining the propriety of Plaintiff's request, the Court finds the *Loehr* factors inapposite.

Accordingly, **IT IS RECOMMENDED** Defendants' Motion to Dismiss Plaintiff's claims of deliberate indifference against Defendants McEwen and Ball in their individual capacities be **DENIED**. Furthermore, it is also recommended Plaintiff be granted leave to amend to assert a cause of action for medical malpractice against Defendants McEwen and Ball.

**C.    Eleventh Amendment Immunity**

The Eleventh Amendment bars a prisoner's Section 1983 claims against state actors sued in their official capacities. *Will v. Michigan*, 491 U.S. 58, 66 (1989).

Accordingly, **IT IS RECOMMENDED** Defendants' Motion to Dismiss Plaintiff's claims arising under 42 U.S.C. § 1983 against Defendants McEwen and Ball in their official capacities be **GRANTED.**

**D.    No *Respondeat Superior* Liability Under 42 U.S.C. § 1983**

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Section 1983 provides for relief only against those who, through their personal involvement as evidence by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of the plaintiff's constitutionally protected rights.

Accordingly, **IT IS RECOMMENDED** Defendants' Motion to Dismiss Plaintiff's claims arising under 42 U.S.C. § 1983 against the State of California, the California Department of Corrections and Rehabilitation, and Calipatria State Prison, be **GRANTED**.

## V.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an order: 1) approving and adopting this Report and Recommendation; 2) denying Defendants' Motion to Dismiss Plaintiff's claims for deliberate indifference against Defendants McEwen and Ball in their individual capacities; 3) granting Defendants' Motion to Dismiss Plaintiff's claim against Defendants McEwen and Ball in their official capacities; 4) granting Defendants' Motion to

1  Dismiss claims against the State of California, California Department of Corrections and
2  Rehabilitation; and 5) granting Plaintiff leave to amend his Complaint to incorporate pertinent facts
3  set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss that support his claim of
4  deliberate indifference; add a cause of action against Defendants McEwen and Ball for medical
5  malpractice; and strike his claim for injunctive relief per stipulation.

6  **IT IS ORDERED** that no later than **November 24, 2010**, any party to this action may file
7  written objections with the Court and serve a copy to all parties. The document should be
8  captioned, "Objections to Magistrate Judge's Report and Recommendation."

9  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
10 and served on all parties no later than **December 8, 2010.** The parties are advised that failure to file
11 objections within the specified time may result in a waiver of the right to raise those objections on
12 appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also*
13 *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

14 **IT IS SO ORDERED**.
15 DATED: November 10, 2010

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

Copy to:

HONORABLE M. JAMES LORENZ, UNITED STATE DISTRICT JUDGE
ALL COUNSEL OF RECORD