UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VAUGHAN, | ) Civil No. 10cv1179-L(WMC) |
| Plaintiff, | ) |
| v. | ) **ORDER (1) ADOPTING REPORT AND RECOMMENDATION AS MODIFIED; (2) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; (3) GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND** |
| STATE OF CALIFORNIA, *et al.*, | ) |
| Defendants. | ) |

Plaintiff Michael Vaughan, a state prisoner, filed this action under 42 U.S.C. Section 1983 alleging violation of his Eighth Amendment rights by deliberate indifference to serious medical needs. Defendants filed a motion to dismiss. The case was referred to United States Magistrate Judge William McCurine, Jr. for a report and recommendation in accordance with 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.3.

Plaintiff alleged he was blind on one eye when he entered Calipatria State Prison. Shortly after the commencement of his incarceration there, he started experiencing problems with the eye on which he could still see, which required surgery. After surgery, the doctors prescribed specialized medications and treatment; however, Plaintiff was denied the treatment and medications by the prison officials. Subsequently, Plaintiff's condition worsened and required another surgery. Although the second surgery was successful, Plaintiff continues to experience discomfort.

Plaintiff filed a complaint alleging violation of his VIIIth Amendment rights against the State of California, California Department of Corrections and Rehabilitation, Calipatria State Prison, Leland McEwen and Katrina Ball. D.O. Defendants filed a motion to dismiss. The Magistrate Judge recommended that the motion be denied as to Defendants McEwen and Ball in their individual capacities and granted as to them in their official capacities, granted as to the remaining Defendants, granted as to the request for injunctive relief, and that Plaintiff be granted leave to amend. (Report and Recommendation ("R&R") at 8-9.) Defendants filed objections to the Report and Recommendation and Plaintiff replied.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original).

Defendants contend that their motion to dismiss should have been granted in full. The Magistrate Judge recommended granting the motion in all respects, except as to Defendants McEwen and Ball in their individual capacities. Plaintiff expressed an intention to amend the complaint with respect to Defendants McEwen and Ball in their individual capacities, and the Magistrate Judge recommended that such request be granted. (R&R at 4, 8, 9.) Because Defendants do not object to granting leave to amend (Objections at 1), the objection in this regard is largely form over substance.

Nevertheless, the Report and Recommendation appears to be internally inconsistent. As to Defendant McEwen individually, the Magistrate Judge found that Plaintiff "failed to provide facts that suggest McEwen's involvement in any deprivation of Plaintiff's constitutional rights." (R&R at 7.) Upon review of the allegations in the complaint, this court agrees. The motion should therefore be granted in this respect rather than denied. (*Cf. id.* at 8.) With respect to Defendant Ball, this court agrees that the complaint alleged sufficient facts to permit a

reasonable inference that she was involved in the decision to deny Plaintiff the prescribed medication and treatment.

With respect to Defendants State of California, California Department of Corrections and Rehabilitation, Calipatria State Prison, Defendants contend that their motion should be granted with prejudice. The Report and Recommendation did not grant leave to amend the VIIIth Amendment claim as to these Defendants, and Plaintiff did not object to it. Accordingly, Defendants' objection is moot in this regard.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' objections are **SUSTAINED IN PART AND OVERRULED IN PART**. The Report and recommendation is **ADOPTED AS MODIFIED** herein.

2. Defendants' motion is **DENIED** with respect to Defendant Ball in her individual capacity and **GRANTED** in all other respects. Plaintiff's claims pursuant to 42 U.S.C. Section 1983 are **DISMISSED WITH PREJUDICE** as to Defendants State of California, California Department of Corrections and Rehabilitation, Calipatria State Prison. Plaintiff's claim for injunctive relief is **DISMISSED WITH PREJUDICE** as to all parties. In all other respects, Plaintiff's request for leave to amend is **GRANTED**.

3. If Plaintiff chooses to file an amended complaint, he must do so no later than **August 19, 2011.** Defendants' response to the amended complaint, if any, must be filed and served within the time set forth in Federal Rule of Civil Procedure 15(a)(3). If Plaintiff chooses not to file an amended complaint, Defendants shall respond within the same period of time calculated from August 19, 2011.

**IT IS SO ORDERED**.

DATED: July 21, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL