UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VAUGHAN,<br><br>              Plaintiff,<br>v.<br>STATE OF CALIFORNIA, et al.,<br><br>              Defendant. | Civil No. 10-cv-1179-L(WMc)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART REPORT AND RECOMMENDATION [DOC. 33],**<br><br>**(2) SUSTAINING DEFENDANTS' OBJECTIONS [DOC. 34], AND**<br><br>**(3) GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 26]** |

On August 15, 2011, Plaintiff Michael Vaughan, a former state prisoner, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 alleging: (1) deliberate indifference to his medical needs in violation of the Eighth Amendment; and (2) medical malpractice under California law stemming from the medical care he received while in prison. On February 9, 2012, Defendants Reymia Ramos, RN ("Nurse Ramos"), Alberto Lopez, RN ("Nurse Lopez"), and Cheryl Burnette, O.D. ("Dr. Burnette") filed a motion to dismiss the FAC. Plaintiff opposed. On March 16, 2012, United States Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("Report") with respect to the motion. Thereafter, Defendants filed objections to the Report, and Plaintiff filed a reply.

For the following reasons, the Court **ADOPTS IN PART** the Report (Doc. 33), **SUSTAINS** Defendants' objections (Doc. 34), and **GRANTS WITH LEAVE TO AMEND** Defendants' motion to dismiss the FAC (Doc. 26).

**I.   BACKGROUND**[1]

Plaintiff was an inmate incarcerated at Calipatria State Prison ("Calipatria") on or about June 26, 2008.[2]  (FAC ¶ 13.)  After arriving at Calipatria, Plaintiff had surgery to correct beefy pterygium in his left eye.  (*Id*. ¶ 14.)  Following the surgery, Plaintiff reported pain and discomfort in his left eye weekly to Calipatria medical personnel, but received no specialized treatment or prescription medication.  (*Id*. ¶ 15.)

On June 2, 2009, Dr. Burnette, a licensed optometrist, noted in Plaintiff's medical records that Plaintiff was exhibiting physical signs and symptoms of a corneal ulcer in his left eye. (FAC ¶ 16.)  However, she did not refer Plaintiff to an ophthalmologist for treatment.[3]  (*Id*.)  On June 18, 2009, Dr. Burnette once again noted in Plaintiff's medical record that Plaintiff was exhibiting physical signs and symptoms of a corneal ulcer in his left eye.  (*Id*. ¶ 19.)  Once again, she did not refer Plaintiff to an ophthalmologist for treatment, but instead directed Plaintiff to return to his cell without any medication or explanation.  (*Id*. ¶ 20.)

On June 20, 2009, Dr. Le, an ophthalmologist, noted that Plaintiff was exhibiting physical signs and symptoms of corneal ulcer in his left eye and wrote Plaintiff a prescription for antibiotic eye drops.  (FAC ¶ 22.)  However, between June 20, 2009 and June 22, 2009, Calipatria medical personnel failed to provide Plaintiff with medication for his left eye.  (*Id*. ¶ 23.)

On June 22, 2009, Plaintiff presented to Calipatria medical clinic complaining that he had not received his eye drops.  (FAC ¶ 24.)  At that time, Nurse Ramos noted that Dr. Le prescribed

---

[1] Defendants did not object to the following factual summary presented in the Report.

[2] Plaintiff was released from custody in July 2011.  (FAC ¶ 14.)

[3] Dr. Burnette cannot prescribe medication.  (FAC ¶ 16.)

Plaintiff antibiotic eye drops for his left eye, but did not explain why Calipatria medical personnel had not filled Plaintiff's prescription. (*Id*.) Rather, Nurse Ramos noted that Plaintiff's medical chart was missing and directed Plaintiff to return to his cell without his eye drops. (*Id*.)

On June 25, 2009, Plaintiff presented to Calipatria medical clinic and again complained that he had not received his antibiotic eye drops. (FAC ¶ 26.) Nurse Lopez noted in Plaintiff's medical records that Plaintiff was exhibiting physical signs and symptoms of a corneal ulcer in his left eye, yet did not refer Plaintiff to an ophthalmologist. (*Id*.) Instead, he directed Plaintiff to return to his cell without his antibiotic eye drops or an examination by an ophthalmologist. (*Id*.)

In July 2009, an outside ophthalmologist examined Plaintiff's left eye. (FAC ¶ 27.) The ophthalmologist diagnosed him with an advanced corneal ulcer and severe eye infection caused by bacteria in the anterior chamber of the left eye. (*Id*.) The ophthalmologist prescribed and administered antibiotics to Plaintiff's left eye. (*Id*.) Plaintiff required ongoing treatment and care for his infected left eye, which included administering antibiotic eye drops. (*Id*.)

Calipatria ran out of Plaintiff's prescribed eye drops in August 2009. (FAC ¶ 28.) Consequently, Dr. Katrina Ball, D.O. ("Dr. Ball") instructed Nurse Lopez to administer medication which Plaintiff's ophthalmologist had discontinued. (*Id*.) Dr. Ball changed the eye medication without consulting Plaintiff's ophthalmologist, and subsequently, Plaintiff had surgery to excise the corneal ulcer in his left eye. (*Id*. ¶¶ 28-29.)

On June 1, 2011, Plaintiff commenced this action against Dr. Ball, among others, alleging a deliberate indifference to his medical needs.[4] On August 15, 2011, Plaintiff filed a FAC against Dr. Ball and added Nurse Ramos, Nurse Lopez, and Dr. Burnette as defendants. Additionally, Plaintiff added a medical-malpractice cause of action against Dr. Ball, Nurse Ramos, Nurse Lopez, and Dr. Burnette. Nurse Ramos, Nurse Lopez, and Dr. Burnette now

---

[4] On November 10, 2010, the Court dismissed Plaintiff's claims against the State of California, Department of Corrections and Rehabilitation, and Calipatria. Plaintiff was granted leave to amend his claims against Warden Leland McEwen and Dr. Ball.

1  move to dismiss the FAC.  Dr. Ball filed an answer to the FAC, but is not a moving defendant.

## II.   LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections are filed, the district court has no obligation to review the magistrate judge's report).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed.  These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III.   DISCUSSION[5]

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096

---

[5] Plaintiff has not objected to the Report's recommendation that the Court dismiss with prejudice Plaintiff's Fifth, Ninth, and Fourteenth Amendment claims, and medical-malpractice claim.  Thus, the Court **ADOPTS** the Report's findings in full as they pertain to those claims.

(9th Cir. 2006). To prevail in a deliberate-indifference claim, a plaintiff must show: (1) serious medical need and (2) defendant's response to plaintiff's serious medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096; *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds in WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment." *McGuckin*, 974 F.2d at 1059. However, unless the delay or denial was harmful, mere delay or denial of treatment does not violate the Eighth Amendment. *Id*. at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("Mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference[.]"). If an inmate is seriously harmed by a prison official's inaction, that harm tends to support a claim of deliberate indifference to a serious medical need. *McGuckin*, 974 F.2d at 1060.

Defendants object to the Report to the extent it finds that Plaintiff sufficiently pleads his Eighth Amendment deliberate-indifference claims. Specifically, Defendants contend that the Report relies on a misinterpretation of the alleged harm caused by the delays in treatment attributed to their alleged inactions. The Court agrees.

The Report concludes that Plaintiff alleges sufficient facts to state claims under 42 U.S.C. § 1983 because he alleges that: (1) Nurse Ramos failed to provide him with antibiotic eye drops on June 22, 2009, (2) Nurse Lopez failed to give him his antibiotic eye drops and an examination by an ophthalmologist on June 25, 2009, and (3) Dr. Burnette failed to treat him or refer him to an ophthalmologist for treatment on June 2 and June 18, 2009. (*See* Report 11:10-15; 12:17-22; 13-14.) The Report finds that Plaintiff alleges that these delays in treatment were harmful and ultimately resulted in a severe infection in his left eye that required surgery. (*Id*.) Based on this finding, the Report makes the inference that Defendants' inactions resulted in serious harm to Plaintiff, which tends to support a claim of deliberate indifference. (*Id*.)

Upon review of the FAC, the Court finds that Plaintiff fails to allege that the delays in treatment attributed to Nurse Ramos, Nurse Lopez, and Dr. Burnette caused any harm. To the

contrary, the FAC alleges only that Plaintiff had surgery to excise the corneal ulcer because Calipatria ran out of the antibiotic eye drops that he was taking in August 2009, and Dr. Ball instructed the medical staff to continue Plaintiff on antibiotics that a specialist had already determined were ineffective. (*See* FAC ¶¶ 28-29.)  From these allegations, the Court cannot reasonably infer that any harm occurred as a result of Defendants' alleged inaction.  Although the FAC presents some conslusory allegations linking Defendants' alleged inaction to Plaintiff's second surgery, these allegations are not sufficient for the Court to draw the inference because they lack a factual basis. (*Id*. ¶¶ 30, 33.)  Thus, because Plaintiff does not allege that Defendant's alleged inaction caused him harm, any such delay in treatment cannot establish an Eighth Amendment deliberate-interference claim.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Eighth Amendment claims against Nurse Ramos, Nurse Lopez, and Dr. Burnette.[6]

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **ADOPTS IN PART** the Report, **SUSTAINS** Defendants' objections, and **GRANTS WITH LEAVE TO AMEND** Defendants' motion to dismiss the FAC.  Specifically, the Court hereby:

(1) **DISMISSES WITHOUT PREJUDICE** Plaintiff's Eighth Amendment claims as to Defendants Nurse Ramos, Nurse Lopez, and Dr. Burnette.  If Plaintiff decides to file an amended complaint as to only his Eighth Amendment claims, he must do so by **July 30, 2012**;

(2) **DISMISSES WITH PREJUDICE** Plaintiff's Fifth, Ninth, and Fourteenth Amendment claims, and medical-malpractice claim as to Defendants Nurse Ramos, Nurse Lopez, and Dr. Burnette.  *See Cervantes v. Countrywide Home*

---

[6] Nurse Lopez and Dr. Burnette's remaining objections derive from the Report finding a causal link between his alleged inaction and Plaintiff's second surgery.  However, because the Court finds the FAC alleges no such causal linkage, the issue is moot.

*Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."); and

(3) **DENIES AS MOOT** Defendants' request that the Court decline to exercise supplemental jurisdiction over Plaintiff's pendant state claim.

**IT IS SO ORDERED.**

DATED: June 25, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:
HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL