UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VAUGHAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　　　Defendant. | Case No. 10-cv-1179-L(WMc)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 51],**<br><br>**(2) OVERRULING PLAINTIFF'S AND DEFENDANTS' OBJECTIONS [DOCS. 52, 53], AND**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 45]** |

　　　On July 30, 2012, Plaintiff Michael Vaughan, a former state prisoner, filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of the Eighth Amendment, stemming from the medical care he received while imprisoned at Calipatria State Prison. Defendants Katrina Ball, D.O. ("Dr. Ball"), Reymia Ramos, RN ("Nurse Ramos"), Alberto Lopez, RN ("Nurse Lopez"), and Cheryl Burnette, O.D. ("Dr. Burnette") moved to dismiss the SAC. Plaintiff opposed. On January 4, 2013, United States Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("Report") with respect to Defendants' motion. Thereafter, both parties filed their objections and respective replies.

//

For the following reasons, the Court **ADOPTS** the Report in its entirety (Doc. 51), **OVERRULES** Plaintiff's and Defendants' objections (Docs. 52, 53), **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss the SAC (Doc. 45), and **DENIES AS MOOT** Defendants' request to decline exercising supplemental jurisdiction.

## I.   LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections are filed, the district court has no obligation to review the magistrate judge's report).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed.  These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## II.   ANALYSIS

Plaintiff began his imprisonment at Calipatria on or about June 26, 2008.  (SAC ¶ 12.)  Upon arrival, he was given a medical examination, and he also provided Calipatria medical personnel with a detailed history of his injuries and medical treatment.  (*Id.* ¶ 13.)  On March 25, 2009, Plaintiff had surgery to correct beefy pterygium in his left eye.  (*Id.* ¶ 14.)  From early May

2009 to June 2009, Plaintiff reported pain and discomfort in his left eye weekly to Calipatria medical personnel. (*Id.* ¶ 15.) Thereafter, Plaintiff began exhibiting physical signs and symptoms of a corneal ulcer in his left eye. (*Id.* ¶ 16.) However, throughout June 2009 and into August 2009, despite various examinations by Defendants, Plaintiff alleges that he did not receive adequate medical treatment—primarily, this failure was due to Defendants' failure to provide prescribed antibiotic medication—which ultimately led to surgery to excise a corneal ulcer in Plaintiff's left eye. (*Id.* ¶¶ 16–29, 33–37.)

### A. Exhaustion of Administrative Remedies

The level of detail required in prisoner grievances varies between penal institutions because it is the prison's requirements, and not the Prison Litigation Reform Act ("PLRA"), that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Unless there is a prison grievance procedure requiring the name of each individual involved, a prisoner need not identify all of the defendants later named in a lawsuit during the administrative grievance process. *Id.* at 218-19. Similarly, "when a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices for the purposes of exhaustion if it alerts the prison to the nature of the wrong for which redress is sought." *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)) (internal quotation marks omitted). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved." *Griffin*, 557 F.3d at 1120. "A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Id.* "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id.* (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004), *cited with approval in Jones*, 549 U.S. at 219).

//
//
//
//

Defendants object to Judge McCurine's finding that the June 11, 2009 grievance, when read in its entirety with the supplemental submissions, adequately alerted Calipatria to the problems with its medical personnel's treatment of Plaintiff's left eye. They contend that each time Plaintiff alleges a failure of treatment by a particular defendant constitutes a separate and discrete event, some of which cannot be included for consideration when evaluating whether Plaintiff successfully exhausted his administrative remedies. Specifically, Defendants object to Judge McCurine's inclusion of supplements submitted after Plaintiff initiated his inmate appeal. The Court finds Judge McCurine's reasoning is sound, accurate, and fully in accordance with law.

Plaintiff's obligation under the PLSA is to alert Calipatria of the nature of the wrong for which redress is sought in order to facilitate a resolution. *See Morton*, 599 F.3d at 946; *Griffin*, 557 F.3d at 1120. His grievance was that he was not receiving adequate medical care for his left eye, and each of these so-called "separate and discrete" events all relate to this alleged ongoing injury sustained by Plaintiff because of Calipatria's medical personnel. In other words, contrary to Defendants' contention, these are not separate and discrete events. *See Griffin*, 557 F.3d at 1120. Therefore, the Court agrees with Judge McCurine's conclusion that Plaintiff has rebutted Defendants' allegation of failure to exhaust administrative remedies before filing this lawsuit.[1]

### B. Deliberate Indifference

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To prevail in a deliberate-indifference claim, a plaintiff must show: (1) serious

---

[1] Defendants also argue that "none of the excerpts from the file recited in the Report addresses, even implicitly, the specific failures which now form the basis for the claims against the moving Defendants." (Defs.' Objections 5:17–6:6.) The Court rejects this argument. Defendants attempt to impose a burden on Plaintiff that is much greater than what is legally required. *See Morton*, 599 F.3d at 946; *Griffin*, 557 F.3d at 1120. After reviewing the appeal and its supplements, the Court concludes that Plaintiff adequately alerted Calipatria that his left eye required medical attention. *See id.*

medical need and (2) defendant's response to plaintiff's serious medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096; *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds in WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment." *McGuckin*, 974 F.2d at 1059. However, unless the delay or denial was harmful, mere delay or denial of treatment does not violate the Eighth Amendment. *Id*. at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("Mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference[.]"). If an inmate is seriously harmed by a prison official's inaction, that harm tends to support a claim of deliberate indifference to a serious medical need. *McGuckin*, 974 F.2d at 1060.

Defendants also object to Judge McCurine's finding that Plaintiff adequately alleges facts to sustain an Eighth Amendment deliberate-indifference claim against Dr. Burnette. Plaintiff similarly objects to Judge McCurine's finding that Plaintiff inadequately alleges facts to sustain deliberate-indifference claims against Nurse Ramos and Nurse Lopez. After considering the parties' objections and having conducted a *de novo* review of the applicable portions of the record, the Court concludes that Judge McCurine's reasoning is sound and accurate: Plaintiff adequately alleges facts to sustain his deliberate-indifference claim against Dr. Burnette, but not Nurse Ramos and Nurse Lopez.

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court **ADOPTS** the Report in its entirety, **OVERRULES** Plaintiff's and Defendants' objections, **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss the SAC, and **DENIES AS MOOT** Defendants' request to decline exercising supplemental jurisdiction. Furthermore, the Court **DENIES** Plaintiff's request for leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would

be futile.").

**IT IS SO ORDERED.**

DATED: February 12, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL