UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VAUGHAN,<br><br>        Plaintiff,<br>v.<br><br>STATE OF CALIFORNIA, *et. al.*,<br><br>        Defendants. | Case No. 10-cv-1179-L(WMC)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DOC. 66]** |

On June 1, 2010, Plaintiff Michael Vaughan, a state prisoner, commenced this civil-rights action against Defendants State of California, California Department of Corrections and Rehabilitations, Calipatria State Prison, Leland McEwen, and Katrina Ball, D.O. under 42 U.S.C. § 1983 primarily for the alleged failure to provide adequate medical treatment. Sometime thereafter, Defendants Reymia Ramos, RN, Cheryl Burnette, O.D., and Alberto Lopez, RN were added to this action. Plaintiff now moves for leave to file a Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 15(a). The remaining defendants—Dr. Ball and Dr. Burnette—oppose.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 69.) For the following reasons, the Court **DENIES** Plaintiff's motion for leave to file a SAC.

## I. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

## II. ANALYSIS

Plaintiff argues that each of the aforementioned *Foman* factors weigh in favor of granting leave to amend. In response, Defendants base their opposition two grounds: (1) leave to amend should be denied because the claims Plaintiff seeks to re-assert were dismissed with prejudice, precluding further litigation on the claims now, and (2) the proposed amendment is "far too late" and prejudicial to Defendants. Plaintiff fails to respond to either of these arguments because he did not file a reply brief in support of his motion.

As the opposing party, Defendants bear the burden of showing the factors in assessing the motion for leave to amend. *See DCD Programs*, 833 F.2d at 186. But the Court reiterates that Plaintiff did not respond to Defendants' opposition. Because of the unusual nature of Rule 15(a) motions, which place the burden on the non-moving party, a reply brief is vital to present responses to the opposing party's arguments. Without a reply brief, it is unclear whether Plaintiff is conceding to arguments not addressed in his motion, such as Defendants' argument that Plaintiff is precluded from re-asserting his medical-malpractice and deliberate-indifference claims that was dismissed with prejudice by this Court. Nonetheless, the Court will address the merits of the essential arguments that the parties present.

On June 25, 2012, the Court dismissed with prejudice the medical-malpractice claims against Nurse Ramos, Nurse Lopez, and Dr. Burnette. (Doc. 41.) Then on February 12, 2013, the Court dismissed the deliberate-indifference claim against Nurse Ramos and Nurse Lopez, while also denying Plaintiff's request for leave to amend. (Doc. 57.) The Ninth Circuit has held that a dismissal with prejudice entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005); *Gasho v. United States*, 39 F.3d 1420, 1438, n.17 (9th Cir. 1994). Under Ninth Circuit precedent, Plaintiff is precluded from re-asserting his claims for medical malpractice and deliberate indifference because this

Court dismissed those claims with prejudice.[1]  *See Stewart*, 297 F.3d at 957.  Consequently, Plaintiff's proposed amendment is futile.  *See Saul*, 928 F.2d at 843 ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

**IV.    CONCLUSION & ORDER**

In light of the foregoing, the Court **DENIES** Plaintiff's motion for leave to file a SAC. *See Bonin*, 59 F.3d at 845 ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").  (Doc. 66.)  Additionally, the Court need not reach to issue of whether Defendants would be prejudiced by granting Plaintiff leave to file an amended complaint.

**IT IS SO ORDERED.**

DATED: August 22, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] Plaintiff does not address preclusion in his motion for leave to file a SAC.